## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

SHERRY R. SCHUMAKER                                        PLAINTIFF

V.                             CASE NO. 3:20-CV-162-JTR

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

### ORDER

## I.    Introduction:

Plaintiff, Sherry R. Schumaker ("Schumaker"), applied for disability benefits on September 28, 2018, alleging disability beginning on August 31, 2017. (Tr. at 18). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on February 18, 2020. (Tr. at 29-30). The Appeals Council denied her request for review on April 24, 2020, making the ALJ's denial of Schumaker's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II.   **The Commissioner's Decision**:

The ALJ found that Schumaker had not engaged in substantial gainful activity since the alleged onset date of August 31, 2017.[2]  (Tr. at 21). The ALJ found, at Step Two, that Schumaker had the following severe impairments: degenerative arthritis in the cervical and lumbar spine; lymphedema; post-concussion syndrome; mild traumatic brain injury; vestibular dysfunction; cervical myofascial pain syndrome; occipital neuralgic secondary to a work-related fall from the seated position on August 31, 2017; lower extremity venous insufficiency; and morbid obesity status post sleeve gastronomy in July 2015. *Id*.

After finding that Schumaker's impairments did not meet or equal a listed impairment (Tr. at 24), the ALJ determined that Schumaker had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations. *Id*. Schumaker could only occasionally climb ramps and stairs, she could never climb ladders, ropes, or scaffolds, and she could only occasionally balance, stoop, crouch, kneel, and crawl. (Tr. at 25).

---

[2]  The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

Based on testimony from the Vocational Expert ("VE"), the ALJ determined that Schumaker could perform her past relevant work as a customer service instructor and a customer service representative. (Tr. at 29). Thus, the ALJ concluded that Schumaker was not disabled. *Id*.

## III.   Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

3

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

## B.   Schumaker's Arguments on Appeal

Schumaker contends that the ALJ's decision to deny her application for benefits is not supported by substantial evidence. Her sole argument is that the ALJ should have found her mental impairments to be severe at Step Two.

The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the

claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

The record indicates that Schumaker suffered from anxiety, depression, mood disorders, and PTSD. She required a short inpatient psychiatric hospitalization in March 2018 following intense depression and suicidal ideation. (Tr. at 1530–1557). However, Shumaker did not seek specialized care from a psychiatric professional, instead utilizing conservative medication management from Darla Johnston, APRN.[3] (Tr. at 1454–1507). Schumaker said that her medications were working well in September 2018. (Tr. at 1229). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Schumaker had grossly normal mental status examinations throughout the relevant time-period, and she told Ms. Johnston in June 2019 that she was doing very well (Tr. at 1454-1505). In fact, in August 2019, she presented as happy and said that her anxiety had improved. (Tr. at 1490). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Schumaker also denied anxiety, depression, or mood swings in November 2019. (Tr. at 1519–1524). She told Ms.

---

[3] When Ms. Johnston recommended that Schumaker see a psychiatrist, she refused. (Tr. at 1483).

Johnston that she joined a gym, planned an out of town trip, and babysat. (Tr. at 1454, 1477, 1499).

Indeed, other activities belied Schumaker's claims of major mental dysfunction. She said she went out to eat, washed dishes, rode around her farm, shopped in stores, worked puzzles, played board games, traveled, and went boating during the summer. (Tr. at 73–78, 323–326). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Schumaker's manic and depressive episodes were situational in nature, arising out of life stressors. *Id*.; (Tr. at 1530–1557). Situational stressors do not suggest an entitlement to disability benefits. *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001). And Schumaker's providers encouraged exercise, a healthy diet, and proper sleep hygiene to combat symptoms. (Tr. at 1464–1490). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Schumaker points to a medical source statement filled out by Ms. Johnston to support her Step Two argument. That opinion, dated November 20, 2019, stated that, because of PTSD, anxiety, depression, and mood disorder, Schumaker was mentally incompetent to keep a job, and that she had a poor prognosis. (Tr. at 1511–1516). Defendant correctly points out that this statement was inconsistent with Ms. Johnston's own notes, which showed mostly normal mental status examinations and

improvement with treatment. And Ms. Johnston was a nurse practitioner, not a specialized psychiatric provider. Finally, Ms. Johnston's statement is inconsistent with Schumaker's own reports to Ms. Johnston that she could engage in a variety of activities. (Tr. at 1470–1500).

The ALJ discussed Schumaker's mental impairments, and in his decision, he utilized a Psychiatric Review Technique, the standard analysis done in the case of alleged mental impairments. (Tr. at 23–27). In his written decision, the ALJ weighed the nature and severity of Schumaker's symptoms and her daily activities. *Id*. And he incorporated the Disability Determination Services psychiatric experts' findings that mental impairments were non-severe. (Tr. at 22, 105, 152). He thoroughly considered mental impairments, but found that they were non-severe at Step Two, citing to the fact that Schumaker's only mental health treatment was by a nurse practitioner rather than a psychiatrist. (Tr. at 28). Furthermore, Shumaker's treatment was conservative in nature. Medications improved Schumaker's mental state overall, and she presented as coherent, oriented, and cooperative at various medical appointments. (Tr. at 1474–1500).

Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security Ruling 96-8p, 1996 WL 374184 (the ALJ will consider

all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity). In this case, the ALJ explained how he considered evidence pertaining to all of Schumaker's impairments, including mental impairments, before he found that she was not disabled. He did not err at Step Two.

## IV.   **Conclusion**:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did not err when he determined that Schumaker's mental impairments were non-severe. The finding that Schumaker was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

SO ORDERED, this 26th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE